UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

UNITED STATES OF AMERICA

vs.                                         Case No. 2:03-cr-76-FTM-29SPC

FLOYD WILLIAMS
_____

**OPINION AND ORDER**

This matter is before the Court on defendant Floyd Williams's *pro se* Motion Under Title 18 U.S.C. § 3582(c)(2) for Modification of Sentence by Person in Federal Custody (Doc. #94) and Petition for Appointment of Counsel (Doc. #95), both filed on May 27, 2008. Defendant seeks a reduction in his sentence in light of Amendment 706 to the United States Sentencing Guidelines, which reduces the base offense level for cocaine base offenses by two levels.

**I.**

Title 18 U.S.C. § 3582(c) gives the court discretionary authority to reduce the term of imprisonment portion of a defendant's sentence under certain circumstances. Section 3582(c)(2) provides in pertinent part:

> (c) The court may not modify a term of imprisonment once it has been imposed except that -
> . . .
> (2) in the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission pursuant to 28 U.S.C. 994(o), upon motion of the defendant or the Director of the Bureau of Prisons, or on its own motion, the court may reduce the term of imprisonment, after considering the factors set forth in section 3553(a) to the extent that they are applicable, if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.

18 U.S.C. § 3582(c)(2). The relevant United States Sentencing Guidelines (U.S.S.G.) policy statement is U.S.S.G. § 1B1.10, as amended by Amendment 713 and effective March 3, 2008.

Reading 18 U.S.C. § 3582(c)(2) in conjunction with U.S.S.G. § 1B1.10(a)(1), the general requirements a defendant must establish to be eligible for a reduction of the term of imprisonment are: (1) Defendant had been sentenced to a term of imprisonment; (2) the term of imprisonment was based on a sentencing range that has subsequently been lowered by the Sentencing Commission pursuant to 28 U.S.C. § 994(o); (3) defendant is still serving the term of imprisonment; and (4) the amendment to the Sentencing Guidelines has been made retroactive by being listed in U.S.S.G. § 1B1.10(c)[1]. Even if generally eligible for a reduction in the term of imprisonment, a defendant must show that a reduction is consistent with the policy statement in U.S.S.G. § 1B1.10. A reduction of a term of imprisonment is not consistent with the Sentencing Guidelines policy statement, and therefore is not authorized by § 3582(c)(2), if none of the retroactive amendments is applicable to defendant, U.S.S.G. § 1B1.10(a)(2)(A), or if the retroactive amendment does not have the effect of lowering defendant's applicable guideline range. U.S.S.G. § 1B1.10(a)(2)(B).

If defendant is eligible for a reduction in the term of imprisonment and such a reduction is not excluded by the Sentencing

---

[1] United States v. Armstrong, 347 F.3d 905, 909 (11th Cir. 2003).

Guidelines policy statement, the court must make two distinct determinations before deciding whether and to what extent to reduce a defendant's term of imprisonment under § 3582(c)(2). First, the court must recalculate the sentence under the amended guidelines. The court is required to determine the amended guideline range that would have been applicable to defendant if the applicable retroactive amendment had been in effect at the time defendant was sentenced. U.S.S.G. § 1B1.10(b)(1). In making this determination, the court "shall substitute only" the retroactive amendment for the corresponding guideline provisions there were applied when defendant was sentenced, and "shall leave all other guideline application decisions unaffected." U.S.S.G. § 1B1.10(b)(1). The Court uses that new base level to determine what ultimate sentence it would have imposed. United States v. Bravo, 203 F.3d 778, 780 (11th Cir. 2000); United States v. Vautier, 144 F.3d 756, 760 (11th Cir. 1998), cert. denied, 525 U.S. 1113 (1999).

The second step is to decide whether, in its discretion, the court will elect to impose the newly calculated sentence under the amended guidelines or retain the original sentence. Bravo, 203 F.3d at 781. In making this decision, the court considers the factors listed in § 3553(a) to the extent consistent with the Sentencing Guidelines policy statement. Bravo, 203 F.3d at 781; Vautier, 144 F.3d at 760. The Court must also consider the nature and seriousness of the danger to any person or the community that may be posed by a reduction in defendant's term of imprisonment,

U.S.S.G. § 1B1.10 cmt. n.1(b)(ii), and may consider post-sentencing conduct of defendant occurring after the imposition of the original term of imprisonment, Application Note 1(b)(iii). While the two steps are required, the court is not required to reduce defendant's sentence because that determination is discretionary. Vautier, 144 F.3d at 760; United States v. Cothran, 106 F.3d 1560, 1562 (11th Cir. 1997); United States v. Vazquez, 53 F.3d 1216, 122728 (11th Cir. 1995).

**II.**

At the original sentence, the Court determined that defendant's Base Offense Level was 38, there was a two-level enhancement for possession of a dangerous weapon and a three-level enhancement for role in the offense, thus resulting in defendant's Total Offense Level becoming 42[2]; defendant's Criminal History Category was VI, and the Sentencing Guidelines range was 360 months to life imprisonment. Defendant was sentenced to 360 months imprisonment. The application of Amendment 706 results in a Base Offense Level of 36, a Total Offense Level of 40, a Criminal History Category of VI, and a Sentencing Guidelines range of 360 months imprisonment to life. A reduction of a term of imprisonment is not consistent with the Sentencing Guidelines policy statement, and therefore is not authorized by § 3582(c)(2), if the retroactive

---

[2]The Court made a mathematical error at the original sentencing, since the base offense level plus the enhancements should have resulted in a total offense level of 43, not the 42 utilized. However, so as to not prejudice defendant at this late date the Court will apply the Amendment 706 reduction to a Total Offense Level of 42.

4

amendment does not have the effect of lowering defendant's applicable guideline range. U.S.S.G. § 1B1.10(a)(2)(B). Since the Sentencing Guidelines range remains 360 months to life imprisonment after application of Amendment 706, the motion will be denied.

Accordingly, it is now

**ORDERED AND ADJUDGED:**

1. Defendant's Motion Under Title 18 U.S.C. § 3582(c)(2) for Modification of Sentence by Person in Federal Custody (Doc. #94) is **DENIED**.

2. Defendant's Petition for Appointment of Counsel (Doc. #95) is **DENIED**.

**DONE AND ORDERED** at Fort Myers, Florida, this __12th__ day of June, 2008.

                                              JOHN E. STEELE
                                              United States District Judge

Copies:
AUSA Molloy
Floyd Williams
U.S. Probation
U.S. Marshal