UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

UNITED STATES OF AMERICA

vs.                                             2:03-cr-76-FtM-29SPC

FLOYD WILLIAMS
_____

**OPINION AND ORDER**

This matter comes before the Court on defendant's untitled motion to vacate and reduce sentence (Doc. #101) filed on April 8, 2013. Defendant seeks to vacate his sentence in light of S. Union Co. v. United States, 132 S. Ct. 2344 (2012) pursuant to 18 U.S.C. § 3582(c)(2) and Federal Rules of Civil Procedure 60(b). Because petitioner is proceeding pro se, the Court must construe his request for post-conviction relief liberally, United States v. Brown, 117 F.3d 471, 475 (11th Cir. 1997), and consider all possible bases of jurisdiction even though none are identified by defendant, United States v. Jordan, 915 F.2d 622, 624-25 (11th Cir. 1990). Because the Court lacks jurisdiction, the motion will be dismissed.

The jurisdiction of the Court is an issue of law. United States v. Diaz-Clark, 292 F.3d 1310, 1315 (11th Cir. 2002). The Court has no inherent power to correct even an illegal sentence, but rather must look to the specific parameters of federal statutes and the Federal Rules of Criminal Procedure. Id.

Title 18 U.S.C. § 3582(c) gives the Court discretionary authority to reduce the "term of imprisonment" portion of a defendant's sentence under certain circumstances. Subsection 3582(c)(2) provides in pertinent part:

> (c) The court may not modify a term of imprisonment once it has been imposed except that -
> . . .
> (2) in the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission pursuant to 28 U.S.C. 994(o), upon motion of the defendant or the Director of the Bureau of Prisons, or on its own motion, the court may reduce the term of imprisonment, after considering the factors set forth in section 3553(a) to the extent that they are applicable, if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.

18 U.S.C. § 3582(c)(2). Defendant's motion does not allege that the Sentencing Commission has lowered a sentencing range which would be applicable to him. Therefore, no jurisdiction exists under § 3582(c)(2).

It is well settled that Rule 60(b) is a rule of civil procedure, that it does not provide relief from a judgment in a criminal case, and that a district court lacks jurisdiction to provide relief under Rule 60(b) in a criminal case. <u>United States v. Fair</u>, 326 F.3d 1317 (11th Cir. 2003); <u>United States v. Mosavi</u>, 138 F.3d 1365, 1366 (11th Cir. 1998). Therefore, no jurisdiction is present under Fed. R. Civ. P. 60(b). There is no other possible basis for jurisdiction to consider the relief defendant requests.

Accordingly, it is now

**ORDERED**:

Defendant's untitled motion to vacate and reduce sentence (Doc. #101) is **DISMISSED**.

**DONE AND ORDERED** at Fort Myers, Florida, this 24th day of April, 2013.

*John E. Steele*
JOHN E. STEELE
United States District Judge

Copies:
Counsel of Record
Floyd Williams