UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

UNITED STATES OF AMERICA

vs.	2:03-cr-76-FtM-29SPC

FLOYD WILLIAMS

_____

**OPINION AND ORDER**

This matter comes before the Court on defendant's Motion for Modification of Term of Imprisonment (Doc. #103) filed on August 29, 2013.  Defendant seeks a reduction of his sentence in light of Amendments 750 and 759 to the Sentencing Guidelines.  Because application of the amendments to defendant's case does not result in a reduction of his Sentencing Guidelines range, the motion is denied.

Title 18 U.S.C. § 3582(c) gives the Court discretionary authority to reduce the "term of imprisonment" portion of a defendant's sentence under certain circumstances.  Subsection 3582(c)(2) provides in pertinent part:

> (c) The court may not modify a term of imprisonment once it has been imposed except that -
> . . .
> (2) in the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission pursuant to 28 U.S.C. 994(o), upon motion of the defendant or the Director of the Bureau of Prisons, or on its own motion, the court may reduce the term of imprisonment, after considering the factors set forth in section 3553(a) to the extent that they are applicable, if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.

18 U.S.C. § 3582(c)(2).  <u>See</u> <u>also</u> U.S.S.G. § 1B1.10(a)(1). A reduction is not consistent with the Sentencing Commission's policy statements if it is based on an amendment that does not have the effect of lowering the defendant's applicable guidelines range. U.S.S.G. § 1B1.10(a)(2)(B).  Where the amendment to the Sentencing Guidelines reduces the defendant's base offense level, but does not change the sentencing range upon which the defendant's sentence was based, the district court is not authorized to grant the § 3582(c)(2) motion. <u>United States v. Berry</u>, 701 F.3d 374, 376 (11th Cir. 2012).

At the time defendant was sentenced, he was held accountable for at least 1.5 kilograms of cocaine base and his base offense level was 38; there was a 3 level increase for being an organizer or leader, and a 2 level increase for possession of a dangerous weapon.  The total offense level was thus 43, but the Court erroneously calculated it as 42.  Defendant's criminal history was category VI, and his Sentencing Guidelines range was 360 months to life imprisonment.  After Amendments 750 and 759, the base offense level for 1.5 kilogram of cocaine base is 34; there is a 3 level increase for being an organizer or leader, and a 2 level increase for possession of a dangerous weapon, for a total offense level of 39.  Defendant's criminal history remains Category VI, and the resulting Sentencing Guidelines range is 360 months to life imprisonment.  Even at a total offense level of 38, the Sentencing

Guidelines range does not change.  Because defendant's Sentencing Guidelines range is not changed, his motion will be denied.

Accordingly, it is now

**ORDERED**:

Defendant's Motion for Modification of Term of Imprisonment (Doc. #103) is **DENIED**.

**DONE AND ORDERED** at Fort Myers, Florida, this __10th__ day of September, 2013.

_____
JOHN E. STEELE
United States District Judge

Copies:
Counsel of Record
Floyd Williams
U.S. Probation