UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

UNITED STATES OF AMERICA

VS.                                     CASE NO: 2:03-cr-76-FtM-29MRM

FLOYD WILLIAMS
_____

**OPINION AND ORDER**

Defendant seeks a reduction of his sentence pursuant to the First Step Act of 2018. (Doc. #121.)  The United States recognizes that defendant is eligible for such a reduction, but opposes any reduction.  For the reasons set forth below, defendant's request for a reduction is granted in part and denied in part.

**I.**

On February 3, 2020, the Federal Public Defender's Office was appointed to determine whether a motion for reduction of sentence under Section 404 of the First Step Act of 2018 (the First Step Act) and 18 U.S.C. § 3582(c)(1)(B) should be filed on behalf of defendant, and the United States Probation Office was ordered to issue a memorandum addressing defendant's eligibility for a reduction. (Doc. #119.)  On May 13, 2020, the United States Probation Office issued a Memorandum (Doc. #120) indicating that defendant was not eligible for a reduction under the First Step Act.  Nonetheless, on May 27, 2020, the Federal Public Defender's Office filed a Motion to Reduce Sentence Pursuant to The First Step Act of 2018 (Doc. #121) seeking a sentence reduction from 360

months to 262 months imprisonment. On June 23, 2020, the government filed a Response in Opposition (Doc. #124).

On June 16, 2020, the Eleventh Circuit decided <u>United States v. Jones</u>, 962 F.3d 1290 (11th Cir. 2020), addressing what constitutes a "covered offense" under the First Step Act. As a result, the United States Probation Office issued an Amended Memorandum (Doc. #125) indicating that defendant <u>is</u> eligible for a sentence reduction, and that the Sentencing Guidelines re-calculation established an imprisonment range of 262 to 327 months based on a reduced Total Offense Level of Level 34.

As a result of the amended Memorandum, the Court allowed the parties to supplement their filings or file a stipulation. (Doc. #126.) On August 19, 2020, defendant filed a Supplement to Motion to Reduce Sentence Pursuant to the First Step Act of 2018 (Doc. #128), and on August 26, 2020, the government filed a Supplemental Response (Doc. #129). The respective position of the parties remained essentially the same.

On September 4, 2020, a second amended Memorandum (Doc. #130) was filed by the United States Probation Office. This Memorandum reflected that while defendant was eligible under the Act, and the Total Offense Level would be reduced from Level 42 to Level 37 (not Level 34), and therefore the range of imprisonment would remain 360 to Life. The United States Probation Office filed a third amended Memorandum (Doc. #131) on November 4, 2020 to correct

a mis-statement as to the Sentencing Guidelines range which appeared at page 3 of the prior Memorandum. Defendant's current projected release date is April 8, 2030. (Doc. #130.)

Defendant seeks a reduction of his sentence to a total of 262 months of imprisonment, followed by a term of four years of supervised release. Defendant recognizes that the First Step Act does not change the Sentencing Guidelines range of 360 months to life imprisonment, but argues that a reduction is nonetheless warranted. (Doc. #121, pp. 14-15.) The government concedes that defendant's offenses are covered offenses and that the Court has the authority to reduce his sentence, but asserts that the Court not exercise its discretion to reduce the sentence. (Doc. #129, pp. 1-2.)

**II.**

On July 23, 2003, a grand jury returned an Indictment (Doc. #1) charging defendant with conspiracy to possess with intent to distribute 50 grams or more of crack cocaine (Count One) and possession with intent to distribute 50 grams or more of crack cocaine (Count Two). Count One carried a statutory term of 10 years to life imprisonment, and Count Two provided a statutory 5 to 40 year term of imprisonment. (Doc. #130, p. 2.) Defendant was convicted of both counts after a jury trial.

Defendant's Sentencing Guidelines range was computed under the November 5, 2003 United States Sentencing Guidelines (USSG)

Manual. (Doc. #130, ¶¶ 4, 24.) Defendant was held accountable for at least 1.5 kilograms of crack cocaine, resulting in a Base Offense Level 38. Two levels were added for possession of a dangerous weapon in the proximity of the drugs, and three levels were added for defendant's role as an organizer or leader involving 5 or more participants. (Doc. #130, p. 14, ¶¶ 24-29.) Defendant was determined to be a career offender based upon his prior felony convictions, and he was found to have 43 criminal history points. Defendant had a resulting Total Offense Level of 42[1], and a Criminal History Category of VI, resulting in an imprisonment range of 360 months to life. Defendant was sentenced on June 1, 2004, to a total term of 360 months of imprisonment on both counts. (Doc. #73.)

The conviction and sentence were affirmed on appeal. United States v. Williams, 139 F. App'x 215 (11th Cir. 2005), cert. denied, 126 S. Ct. 776 (2005). Post-conviction, defendant was found ineligible, and denied a sentence reduction, under Amendments 706, 750, 759, and 782 to the Sentencing Guidelines. (Docs. ## 96, 104, 115.)

### III.

While a district court does not have inherent authority to reduce a previously imposed sentence, the First Step Act

---

[1] The Total Offense Level was improperly calculated as a 42 rather than a 43. (Doc. #130, p. 2 n.1; p. 14, ¶ 34.)

authorizes, but does not require, a sentence reduction for certain crack cocaine convictions.

> A district court lacks the inherent authority to modify a term of imprisonment. 18 U.S.C. § 3582(c); United States v. Puentes, 803 F.3d 597, 606 (11th Cir. 2015). But it may do so, as relevant here, to the extent that a statute expressly permits. 18 U.S.C. § 3582(c)(1)(B). And the First Step Act expressly permits district courts to reduce a previously imposed term of imprisonment.

United States v. Jones, 962 F.3d 1290, 1297 (11th Cir. 2020).

The First Step Act "granted district courts discretion to reduce the sentences of crack-cocaine offenders in accordance with the amended penalties in the Fair Sentencing Act. See First Step Act § 404." Id. at 1297. This authority to reduce a sentence first requires that the offense of conviction was a "covered offense" under the First Step Act. The Eleventh Circuit has recently discussed this "covered offense" requirement:

> The First Step Act permits a district "court that imposed a sentence for a covered offense" to "impose a reduced sentence as if sections 2 and 3 of the Fair Sentencing Act were in effect at the time the covered offense was committed." First Step Act § 404(b). It defines "covered offense" as "a violation of a Federal criminal statute, the statutory penalties for which were modified by section 2 or 3 of the Fair Sentencing Act that was committed before August 3, 2010." Id. § 404(a).
>
> . . . .
>
> A movant's offense is a covered offense if section two or three of the Fair Sentencing Act modified its statutory penalties. Section two of the Fair Sentencing Act, . . . modified the statutory penalties for crack-cocaine offenses that have as an element the quantity of crack cocaine provided in subsections

> 841(b)(1)(A)(iii) and (B)(iii). It did so by increasing the quantity of crack cocaine necessary to trigger those penalty provisions. See Fair Sentencing Act § 2(a). So a movant has a "covered offense" if his offense triggered a statutory penalty that has since been modified by the Fair Sentencing Act.
>
> . . . .
>
> To determine the offense for which the district court imposed a sentence, district courts must consult the record, including the movant's charging document, the jury verdict or guilty plea, the sentencing record, and the final judgment. From these sources, the district court must determine whether the movant's offense triggered the higher penalties in section 841(b)(1)(A)(iii) or (B)(iii). If so, the movant committed a covered offense.

Id. at 1297-1298, 1300-1301.

A "movant's satisfaction of the 'covered offense' requirement does not necessarily mean that a district court can reduce his sentence. Any reduction must be 'as if sections 2 and 3 of the Fair Sentencing Act . . . were in effect at the time the covered offense was committed." First Step Act § 404(b)." Jones, 962 F.3d at 1303.

> This "as-if" requirement imposes two limits relevant to these appeals. First, it does not permit reducing a movant's sentence if he received the lowest statutory penalty that also would be available to him under the Fair Sentencing Act. Second, in determining what a movant's statutory penalty would be under the Fair Sentencing Act, the district court is bound by a previous finding of drug quantity that could have been used to determine the movant's statutory penalty at the time of sentencing.

Id. If the offense of conviction was a covered offense and the "as if" requirements are satisfied, a district court has discretion

to grant or deny a sentence reduction.

> The Act makes clear that the relief in subsection (b) is discretionary: "Nothing in this section shall be construed to require a court to reduce any sentence pursuant to this section."

Id. at 1297-98. This determination does not require defendant's presence at an evidentiary hearing or a full resentencing. United States v. Denson, 963 F.3d 1080, 1087 (11th Cir. 2020).

### III.

As the parties now concede, defendant is eligible for a sentence reduction because both offenses of convictions are "covered offenses" under the First Step Act. Additionally, defendant did not receive the lowest statutory penalty that also would be available to him under the Fair Sentencing Act. While the Sentencing Guidelines range calculation is the same 360 months to life imprisonment, the original sentence was imposed before United States v. Booker, 543 U.S. 220 (2005), and was therefore subject to mandatory, not simply advisory, Sentencing Guidelines.

"District courts have wide latitude to determine whether and how to exercise their discretion in this context. In exercising their discretion, they may consider all the relevant factors, including the statutory sentencing factors, 18 U.S.C. § 3553(a)." Jones, 962 F.3d at 1304. The Court has indeed considered all the factors set forth in 18 U.S.C. § 3553(a), all of the factors identified by defendant, the Presentence Investigation Report, the

Probation Office Memoranda, and the written submissions of the parties.

Defendant's motion presents a close question. Some things have changed since the original sentencing, and some things have not. The prior mandatory nature of the Sentencing Guidelines changed shortly after the original sentence was imposed.[2] Even under today's law, however, defendant remains a career offender. Defendant had an astonishing 43 criminal history points, far in excess of the 13 points needed to top-out at Criminal History Category VI. A large quantity of crack cocaine -1.5 kilograms – was attributed to defendant.

Defendant has served nearly 16 years imprisonment, and is now in his mid-40s. Defendant received only two disciplinary reports during his imprisonment, and none since 2017. Defendant was disciplined in 2017 for assault without serious injury and in 2016 for possessing a hazardous tool, which was a contraband cellular telephone. (Doc. #121, p. 17; Doc. #121-1, p. 2.) Defendant earned his GED and took numerous vocational and educational programs, and worked several jobs while in custody. (Doc. #121, p. 2.) The Court places no credence, however, on defendant's statement that he "may well have proceeded differently and accepted responsibility rather than proceeding to trial" under the current

---

[2] On direct appeal the Eleventh Circuit found there was no statutory Booker error. (Doc. #90.)

sentencing regime. (Doc. #121, p. 14.) Nonetheless, the Court accepts defendant's statement that he now accepts responsibility for his actions. (Id. at 15.)

In the final analysis, the Court concludes that a sentence which is now sufficient, but not greater than necessary under 18 U.S.C. § 3553, is 300 months of imprisonment as to Count I and 240 months imprisonment as to Count II, the terms to be served concurrently, to be followed by four (4) years of supervised release.

| Floyd Williams USM No. 33693-018 | Original Judgment | NEW Amended Judgment |
|---|---|---|
| Total Offense Level: | 42 | 37 |
| Criminal History Category: | VI | VI |
| Guideline Range in months: | 360 months to life | 360 months to life |
| Supervised Release Range in years | 5 | 4 |
| **SENTENCE** | 360 | **300** |
| **SUPERVISED RELEASE** | **5 years** | **4 years** |

Accordingly, it is hereby

**ORDERED AND ADJUDGED:**

1. Defendant's Motion to Reduce Sentence Pursuant to The First Step Act of 2018 (Doc. #121), filed by counsel, is **GRANTED IN PART AND DENIED IN PART.**

2. Defendant's previously imposed sentence of imprisonment of **360** months is reduced to **300** months as to Count I and **240** months as to Count II, to be served concurrently, or time served,

whichever is greater, followed by a reduced term of supervised release of **4** years.  Except as otherwise provided, all provisions of the judgment dated **June 2, 2004** shall remain in effect.

**DONE and ORDERED** at Fort Myers, Florida, this __4th__ day of November, 2020.

_____
JOHN E. STEELE
SENIOR UNITED STATES DISTRICT JUDGE

Copies:
AUSA
Counsel of record
U.S. Probation
U.S. Marshal


Southeast Regional Office
Federal Bureau of Prisons
3800 Camp Creek Parkway, Bldg. 2000
Atlanta, GA 30331